UNITED STATES, Appellant,

v.

**Ian G. PALMER, Appellee.**

No. 12654.

District of Columbia Court of Appeals.

Argued April 5, 1978.

Decided Oct. 10, 1978.

Peter C. DePaolis, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty. and John A. Terry, Michael W. Farrell and Mary Ellen Abrecht, Asst. U. S. Attys., Washington, D. C., were on brief, for appellant.

Leslie J. Harris, Public Defender Service, Washington, D. C., for appellee.

Richard A. Rosen, Public Defender Service, Washington, D. C., also entered an appearance for appellee.

Before GALLAGHER, MACK and FERREN, Associate Judges.

MACK, Associate Judge:

We are asked to review the action of the trial court in dismissing a criminal indictment on the ground that the government, having secured appellee's presence in the District of Columbia through a writ of habeas corpus *ad prosequendum,* failed to comply with the Interstate Agreement on Detainers Act (IAD).[1] 18 U.S.C.A. (Appendix), D.C.Code 1973, § 24–701. We reverse.

The relevant facts are these: the appellee, Ian G. Palmer, was charged by felony complaint with grand larceny in the District of Columbia, and following presentment on February 5, 1977, was conditionally released. After a preliminary hearing on February 16, 1977, his case was bound over pending action by the grand jury.

While released on his own recognizance appellee was charged in Montgomery County, Maryland, with destruction of property, on April 27, 1977. He was detained there pending trial, was found guilty by the District Court, and was sentenced to one year's incarceration on June 20, 1977. He was thereafter immediately placed in the Montgomery County Detention Center. He noted an appeal to his conviction in the County Circuit Court on June 23, 1977.

---

1. Article IV(e) of the Interstate Agreement on Detainers Act provides:

  If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment  .  .  .  such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice. [D.C.Code 1973, § 24–701.]

Appellee's trial counsel and the United States Attorney for the District of Columbia agreed that appellee be brought from Maryland to the District for the disposition of the charge of grand larceny laid against appellee here. More particularly, it was agreed that appellee, once transported back to the District, would enter a preindictment plea of guilty to one count of petit larceny. On June 30, 1977, acting on petition of the government, the Superior Court, District of Columbia, issued a writ of habeas corpus *ad prosequendum,* to procure appellee's presence.

The government's case against appellee in the District, however, was not disposed of as planned on July 1, 1977. Owing to a failure by the U.S. Attorney's Office to prepare necessary court documents on time, appellee's case was continued to July 12, 1977. In the meantime, appellee was returned to Montgomery County on July 7, at the request of Maryland authorities, for a preliminary inquiry into his conviction for destruction of property, scheduled for July 8. Finally, on July 12, 1977, appellee was brought back to the District of Columbia, pursuant to a writ of habeas corpus *ad prosequendum* issued by the Superior Court.

Following his second transfer to the District, appellee decided not to enter a plea on the larceny charge. Instead, his counsel informed the government that he intended to move to dismiss the charges against the appellee in the District. Appellee's counsel argued that the government, in allowing appellee's return to Maryland prior to the disposition of its case against appellee, had violated the IAD. Thereafter, appellee was returned, again, to Montgomery County for incarceration. Appellee's counsel moved for dismissal of the government's case in the District on August 5, 1977.

Appellee was indicted for grand larceny in the District on August 16, 1977. He was given a hearing on his motion for dismissal on September 14, 1977, after which the Superior Court (relying in part on a Second Circuit case subsequently reviewed by the Supreme Court)[2] dismissed the indictment with prejudice. The court ruled that the IAD "is the exclusive means of effecting a transfer of a prisoner, for purposes of prosecution from one signatory jurisdiction to another" (in this case, from Maryland to the District of Columbia); and that the return of appellee to Maryland from the District prior to completion of the prosecution against him by the government was in violation of the IAD.

■ On appeal the government argues that the writ of habeas corpus *ad prosequendum* is not properly considered a detainer, and therefore is not governed by the terms of the IAD. We need give only scant treatment to this issue. While this case was pending in this court, the United States Supreme Court decided *United States v. Mauro,* 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978) *rev'g,* 544 F.2d 588 (2d Cir. 1976) which (considering this issue in the context of a state-federal prisoner transfer) held that a writ of habeas corpus *ad prosequendum* issued by a federal court to state authorities, directing the production of a state prisoner for trial on criminal charges is not a detainer within the meaning of the IAD and does not trigger its application. *Id.* at 349–351, 98 S.Ct. 1834. Treating at some length the origin and legislative history of the Agreement, the Court noted that its purpose was to encourage the expeditious and orderly disposition of charges which, as a result of the use of detainers, had operated to the detriment of prisoners. The Court noted that the threat of such abuses did not arise in the use of writs of habeas corpus *ad prosequendum Id.* at 360–362, 98 S.Ct. 1834. This court has followed the reasoning of *Mauro* in finding that a "come-up" order (an administrative notice from a Superior Court clerk's office to the United States Marshal's Service to produce a prisoner) is not a detainer within the meaning of the Agreement. *Gale v. United States,* D.C.App., 391 A.2d 230

2. *Mauro v. United States,* 544 F.2d 588 (2d Cir. 1976), *rev'd,* 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978).

(1978). The *Mauro* decision is, of course, controlling here. The trial court erred in finding that the provisions of the IAD were applicable.

Appellee has suggested that somehow the goals of the IAD would be defeated if transfers by writ are not subjected thereto. The Supreme Court found such danger only if the Agreement has been triggered by the filing of a detainer, for then a subsequent writ becomes in effect a written request for temporary custody. *United States v. Mauro, supra,* 436 U.S. at 360–362, 98 S.Ct. 1834. In the circumstances of the present case there is no room whatever for this concern. No detainer was ever filed. The writs directed by the Superior Court to the Maryland authorities were of immediate effect in transferring the appellee from the Montgomery County Detention Center to the jurisdiction of the District of Columbia trial court. Neither of the writs remained outstanding. Following execution of the first writ, to permit appellee to plead in accord with his own arrangement, he was on July 7 returned to Maryland for his own benefit, to appear at a preliminary inquiry on the appeal he noted in the Montgomery County Circuit Court. He was by July 12 back in the District of Columbia on a writ of habeas corpus *ad prosequendum* to dispose of his case here. Appellee has suffered no prejudice from delay or anything else that could be characterized as circumventing the purpose of the IAD.

■ Finally, appellee argues that the IAD provides the only mechanism available for transferring prisoners in local courts because the Superior Court does not have the authority to issue a writ *ad prosequendum.* We find this argument unpersuasive. The Superior Court is a creation of Congress. D.C.Code 1973, § 11–901. As such a court "established by Act of Congress" it has authority under the All Writs Act to issue extraordinary writs, including the writ *ad prosequendum* "in aid of [its] respective jurisdiction and agreeable to the usages and principles of law." 28 U.S.C. § 1651 (1970). *See Morrow v. District of Columbia,* 135 U.S.App.D.C. 160, 417 F.2d 728 (1969). This is the position recently espoused by the federal circuit and we agree with Chief Judge Wright that in reorganizing the District of Columbia court system, the Congress did not delete the power of the Superior Court to issue such writs. *United States v. Cogdell,* 585 F.2d 1130 (D.C. Cir., 1978).[3,4]

We find, in summary, that the writs issued by the Superior Court were not detainers within the purview of the IAD. We therefore hold that the failure of the government to complete its case against appellee before sending him back to Maryland, as required by the IAD, was not grounds for dismissal of that case. We further find that the Superior Court may under federal law issue writs of habeas corpus *ad prosequendum.*

The decision of the Superior Court in granting appellee's motion for dismissal of the government's case, with prejudice, is reversed. The case is remanded to the Superior Court for consideration consistent with this opinion.

*It is so ordered.*

---

3. *See* District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L.No.91–358, 84 Stat. 473; *Key v. Doyle,* 434 U.S. 59, 98 S.Ct. 280, 54 L.Ed.2d 238 (1977); *Palmore v. United States,* 411 U.S. 389, 409, 93 S.Ct. 1670, 36 L.Ed.2d 342 (1973).

4. The question has arisen in this case whether a writ of habeas corpus *ad prosequendum* as issued by the Superior Court would be held enforceable under the Supremacy Clause, U.S. Const. art. VI, cl.2. Our decision in this case does not turn on our answering this question, since both the writs issued by the Superior Court were in fact honored by the Maryland authorities. We note, however, that in *Mauro,* the Supreme Court found that Article IV(a) of the IAD did not confer on states the right not to comply with a writ of habeas corpus *ad prosequendum* as issued by a federally created court. *United States v. Mauro, supra,* 436 U.S. at 363–365, 98 S.Ct. 1834.